UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-0041 (JMS/KPF) |
| ) | |
| JACOB PHILLIP SEYFRIED, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Jane Magnus-Stinson, Judge, on June 22, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 22, 2011, and to submit to Judge Magnus-Stinson proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held July 11, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Seyfried appeared in person with his appointed counsel, William Dazey, Office of Indiana Federal Community Defender's Office. The government appeared by Zachary Myers, Assistant United States Attorney, for Winfield Ong, Assistant United States Attorney. U. S. Parole

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Seyfried in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Seyfried and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Seyfried was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Seyfried was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Seyfried was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Seyfried had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Magnus-Stinson's designation.

7. Mr. Dazey stated that Mr. Seyfried would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Seyfried executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Seyfried by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, the offender admitted using cocaine the weekend of March 19, 2011. |
| | As previously reported to the Court, on May 5 and 7, 2011, the offender submitted urine specimens that tested positive for cocaine. He admitted having one alcoholic beverage and using cocaine on May 4, 2011. |
| | On June 6, 2011, Mr. Seyfried submitted a urine sample which tested positive for cocaine. He admitted using cocaine the weekend before he reported to the Residential Reentry Center (RRC) to begin serving a modification of his supervision conditions. |
| 4 | **"If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer."** |

As previously reported to the Court, on May 5, 2011, the offender admitted obtaining a $1,300 student loan without permission of the probation officer. He stated he used the money to pay for bills rather than his student loans.

**5** **"The defendant shall not leave the judicial district without the permission of the court or probation officer."**

As previously reported to the Court, on March 30, 2011, the offender traveled to Cincinnati, Ohio, for employment purposes without permission of the Court or probation officer.

**6** **"The defendant shall reside for a period of up to four month at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

On June 14, 2011, Mr. Seyfried signed out of the RRC to go to work and did not return. His employer was called and stated the offender had not been to work since June 11, 2011. His current whereabouts is unknown.

The Court placed Mr. Seyfried under oath and directly inquired of Mr. Seyfried whether he admitted violations of the specifications of his supervised release set forth above. Mr. Seyfried stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Seyfried has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Seyfried constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Seyfried is 21-24 months.

4) The appropriate disposition of the case would be a sentence of one year and one day in the custody of the Attorney General or his designee, with one year of supervised release to follow.

5) At the conclusion of defendant's incarceration, he will reside for the first three months of his one-year supervised release at a community corrections center, preferably the Volunteers of America, Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Jacob Phillip Seyfried, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Jacob Phillip Seyfried is sentenced to the custody of the Attorney General or his designee for a period of one year and one day, with one year of supervised release to follow. After his incarceration, the defendant will reside for the first three months supervised release at a community corrections center, preferably the Volunteers of America, Indianapolis, Indiana.

The Magistrate Judge requests that Jason Philips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Jane Magnus-Stinson, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Seyfried stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Ford entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Jacob Phillip Seyfried's supervised release.

IT IS SO RECOMMENDED this 13th day of July, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Winfield Ong,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal