UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0041-JMS-DML-1 |
| | ) | |
| JACOB PHILLIP SEYFRIED, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 8, 2015, and a supplemental petition filed on July 16, 2015 (collectively, "Petitions"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 27, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 27, 2015, defendant Jacob Phillip Seyfried appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Winfield Ong, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Seyfried of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Seyfried questions to ensure that he had the ability to understand the proceedings and his rights.

2. Copies of the Petitions were provided to Mr. Seyfried and his counsel, who informed the court they had reviewed the Petitions and that Mr. Seyfried understood the violations alleged. Mr. Seyfried waived further reading of the Petitions.

3. The court advised Mr. Seyfried of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Seyfried was advised of the rights he would have at a preliminary hearing. Mr. Seyfried stated that he wished to waive his right to a preliminary hearing.

4. Mr. Seyfried stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions. Mr. Seyfried executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Seyfried of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Seyfried, by counsel, stipulated that he committed Violation Numbers 1 through 4 set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On April 16, and 29, May 2, and 5, 2015, Mr. Seyfried provided urine specimens which tested positive for cocaine. He admitted using cocaine. A subsequent urine specimen collected on May 12, 2015, yielded negative results.

| | |
|---|---|
| 2 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."** |

On April 14, 15, 21, 22, and 27, 2015, Mr. Seyfried failed to report for scheduled drug screens.

As previously reported to the Court, Mr. Seyfried failed to report for scheduled drug screens on April 24, September 7, and October 7, 2014, February 7, April 12, and 13, 2015. In addition, he failed to attend substance abuse treatment on October 13, 2014. On March 7, 2015, Mr. Seyfried provided a diluted urine specimen.

| | |
|---|---|
| 3 | **"The defendant shall reside for a period of up to 120 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

After his arrival at RRC, Mr. Seyfried provided two urine specimens which tested positive for cocaine. In addition, he tried to manipulate VOA staff by asking his "reported" employer to lie for him, who refused to do so. On May 1, 2015, Mr. Seyfried signed out to go to work and was due to return to Volunteers of America by 8:30 p.m. Mr. Seyfried did contact VOA on time. He did not return to VOA until 12:55 a.m.

| | |
|---|---|
| 4 | **"The defendant shall reside for a period of up to 120 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

On June 23, 2015, at approximately 8:00 p.m., Mr. Seyfried left Volunteers of America without permission and failed to return to the facility. His current whereabouts are unknown.

7.       The court placed Mr. Seyfried under oath and directly inquired of Mr. Seyfried whether he admitted violations 1 through 4 of his supervised release set forth above. Mr. Seyfried admitted the violations as set forth above.

8.       The parties and the USPO further stipulated that:

    (a)    The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. Seyfried's criminal history category is VI.

    (c)    The range of imprisonment applicable upon revocation of Mr. Seyfried's supervised release, therefore, is 21 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.       The Government argued for 21 to 24 months to be served in the Federal Bureau of Prisons with no supervised release to follow. The defendant argued for 12 months and 1 day to be served in the Federal Bureau of Prisons with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JACOB PHILLIP SEYFRIED, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The court further recommends assignment to a facility with consideration given to Mr. Seyfried's need for substance abuse treatment and contact with his family. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Seyfried stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Seyfried entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Seyfried's supervised release, imposing a sentence of imprisonment of eighteen (18) months with no supervised release to follow. The court further recommends assignment to a facility with consideration given to Mr. Seyfried's need for substance abuse treatment and contact with his family. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: August 6, 2015

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal